# The Second Reformed Presbyterian Church *versus* Disbrow *et ux.*

1. A devise of an estate generally or indefinitely with a power of disposition over it carries a fee, but where the estate is given for life only, the devisee takes but for life, though a power of disposition be annexed, unless the *general* intent would be defeated by adhering to the *particular* intent.

2. Words of implication do not merge or destroy an express estate for life, unless it be absolutely necessary to uphold some manifest general intent.

3. A devise to testator's wife " To have and to hold and enjoy during her lifetime, and dispose of the same as shall seem best unto her, &c., * * but it is my wish and desire that my said wife will leave at her death the property, or any part that may be then remaining in her hands, for the benefit of young men studying for the ministry," &c., passed a fee.

4. " Any part remaining" implies that part of the devise might be so used as not to be in existence at her death, which is inconsistent with the notion that a life estate only was given.

ERROR to the District Court of *Philadelphia.*

This was an amicable action of ejectment for a house and lot in Philadelphia, by The Second Reformed Presbyterian Church against William W. Disbrow and Margaret his wife. A case was stated in substance as follows :—

Thomas Hamilton by his will devised to his " wife Elizabeth Hamilton, the house and premises I now reside in, No. 2219 Wood street, Philadelphia, to have and to hold, and enjoy during her lifetime, or dispose of the same as shall seem best unto her, and in doing so she shall possess all the rights and powers that I of right could do if living, but it is my wish and desire that my said wife Elizabeth Hamilton will leave at the time of her death the property thus left to her by me, or any part that may be then remaining in her hand, for the benefit of young men that are unable to educate themselves, and who are studying for the ministry, and are in connection with the Second Reformed Presbyterian Church and members of that body of Christians ; and the session of the said Second Reformed Presbyterian Church shall have the care, management and distribution of the said money, fund or property, as the case may be, and all the rest, residue and remainder of my goods, chattels, clothing, debts, ready money, effects and other my estate whatsoever and wheresoever, both real and personal, I give and bequeath the same and every part and parcel thereof unto my said wife, Elizabeth Hamilton, her executors and administrators."

On the 27th day of February, A. D. 1862, the said Thomas Hamilton died seised in fee of the real estate above described, leaving his widow, Elizabeth Hamilton, who died on the 9th day of May 1863, seised of said real estate under the devise to her by the said will, never having made any conveyance or devise of the said real estate to the said above-mentioned " The Second Re-

[Second Reformed Presbyterian Church *v.* Disbrow.]

formed Presbyterian Church," leaving Margaret A. Disbrow, wife of said William W. Disbrow, her only child by a former husband.

If the court shall be of opinion that the title to the said property is in the \* \* plaintiff, as trustees, under the said will of Thomas Hamilton, then the judgment shall go for the plaintiff, otherwise for the defendants.

The court below gave judgment for the defendants, and the plaintiffs took a writ of error.

*J. W. Coulston* and *Z. P. Dobson*, for plaintiffs in error.— There is in this will a devise for life to the wife, with words importing a power of disposal, with precatory words as to what remained, and a residuary gift to her of other property. In Pennock's Estate, 8 Harris 268, was the word "absolutely," marking entire ownership : Oswald *v.* Kopp, 2 Casey 516. The fact that in another clause the testator has by apt words devised an absolute estate, is proof that he designed to create a trust as to the other : Brown *v.* Brown, 12 Md. 87.

"To dispose of the same as may seem best unto her," is giving her a power with the same means of exercising it that the testator had. A will must be construed as a whole, so that nothing be nugatory : Mirril *v.* Nichols, 2 Bulstr. 178 ; Earp's Will, 1 Pars. 457 ; 17 Alab. 306 ; 17 Id. 307. When a former clause is particular, a subsequent clause shall not enlarge it : Roberts *v.* Kiffin, Barn. Chan. R. 261 ; Chan. R. 145 ; Style 276, 391 ; 2 And. 17. In doubtful cases the construction is according to the common law : Wild's Case, 6 Coke 16 ; Cro. Eliz. 743 ; Daniel *v.* Ubley, Latch 40 ; 2 Bulstr. 120 ; Carter 5. Express words are to be controlled only by necessary implication : Jones *v.* Colbeck, 8 Ves. 42 ; Blakiston *v.* Hazlewood, 10 C. B. 544 ; Greenwood *v.* Sutcliffe, 14 Id. 226 ; 1 E. & B. 727 ; Vaughan 262 ; Bender *v.* Dietrick, 7 W. & S. 284 ; Bowes *v.* Blackett, Cowper 235 ; Busby *v.* Busby, 1 Dal. 228 ; Viner's Abr., *Devise*, 187, pl. 57 ; Idle *v.* Cook, 1 P. Wms. 70 ; Bamfield *v.* Popham, Id. 54 ; 8 Petersdorf Abr. 226(1), 293(1) ; Redfield on Wills 434. The rule that a devise with power to give a fee passes a fee is to be understood with the qualification that the donee has not an express estate divided from the power : 2 Prest. on Est. 82, \*80, 81, 83 ; Tomlinson *v.* Dighton, 1 P. Wms. 149 ; s. c. in 1 Salk. 239 ; 10 Mod. 31, 71, and Comyn R. 194 ; 1 Harr. (N. J.) 28 ; Brooks' Abr., *Devise*, pl. 39 ; Culbertson *v.* Duly, 7 W. & S. 195 ; 4 Kent's Com. 319, 526 ; Liefe *v.* Saltingstone, 1 Mod. 189 ; 1 Chance on Powers 45 (121) *et seq.;* 2 Prest. on Est. 82. A direction after a life interest that the property shall go in a particular way in words importing a power, as to a person to be appointed would be a power : Maxwell's Will, 27 Beav. 250 ; 3 Lev. 71 ; 4 Id. 41 ; Goodtitle *v.* Otway, 2 Wils. 6 ; Jen-

ner's Case, 1 Leo. 238; Herbert v. Lewis, 4 N. & M. 696; Reid v. Shergold, 10 Ves. 370; 1 Sugd. on Powers 123, 134, 135; 1 Chance on Powers 47 (125); 2 Jarm. on Wills 132, in note; Thorley v. Booth, 10 East 438; Fisher v. Herbell, 7 W. & S. 64; Jackson v. Robbins, 16 Johnson 537; Haralson v. Redd, 15 Geo. 148; Dean v. Nunnally, 36 Miss. 358; Rubey v. Barnett, 12 Id. 3; 9 Dane's Abr. 398; 2 Jarm. on Wills 125, note; Cook v. Walker, 15 Geo. 459; Armstrong v. Armstrong, N. J. Ct. of App., 3 Am. Law Journ. 49; Espinasse v. Luffingham, 9 Irish Eq. 129; Wells v. Doane, 3 Gray (Mass.) 204; Morris v. Phaler, 1 Watts 390; Flintham's Appeal, 11 S. & R. 18; Namcock v. Horton, 7 Ves. 391; Thomas v. Thomas, 1 Rawle 120; Bradley v. West-cott, 13 Ves. 453; 1 Sugd. on Powers 125. In Bull v. Vardy, 1 Ves. Jr. 270, and other cases, there was no life estate coupled with the power, or certain or ascertainable, subject to be appointed to a certain object. Here, from the juxtaposition of the estate for life and the power, an apparent contradiction would arise, if the power imported a fee, which would render the devise for life nugatory, and the will contradictory. The disposal is particular, designating the persons to whom the property should go: 2 Prest. on Estates 81, 82; 1 Chance on Powers 133, 139; Daniel v. Ubley, Latch 9, 39, 134; Noy 80; 1 W. Jones 137; Liefe v. Saltingstone, 2 Leo. 104; 1 Mod. Carter 232; 2 Madd. 453; Reid v. Reid, 25 Beav. 469. The vesting of such power in her as *executrix* conferred no interest: Countess of Bridgewater's Case, 6 Mod. 111. The power of disposal over the land was not entire. If sold, she was to take for life the interest of the proceeds, less expenses and debts. An express power to dispose of *part*, is inconsistent with a gift of the whole: Bradley v. West-cott, 13 Ves. 453; 2 Jarm. on Wills 321; Cooper v. Williams, Prec. in Chan. 71; 2 Eq. Abr. pl. 2; 1 Jarm. on Wills 321, 322; Redfield on Wills 680, 681; 8 Vin. Abr. 72, pl. 25; Id. 289, pl. 25; Hands v. Hands, 1 T. R. 437, in note; Duhamel v. Ardovin, 2 Ves. Sen. 62; Surman v. Surman, 5 Madd. 123; Musselman's Estate, 3 Wright 469; Anderegg v. Ross, 13 Ind. 443; Horwood v. West, 1 Sim. & St. 389; Scott v. Josselyn, 26 Beav. 174; Redfield on Wills 280; 2 Spence Eq. Jur. 62. Indefiniteness is not always considered sufficient to invalidate the gift: 1 Jarm. on Wills 322; Pushman v. Filleter, 3 Ves. 7. The words " it is my wish and desire," operate as an express devise, and the objects having a *perpetual continuance*, as a church, &c., a fee will pass: Prest. on Est. 71, 89; Redfield on Wills 174; Wilson v. Corbin, 1 Pars. 347; Com. Dig. N. N. 1, *Devise;* 2 Eq. Abr. 291, pl. 10; Zimmerman v. Anders, 6 W. & S. 218.

The church, therefore, took a vested remainder in the land, as the power was not exercised. If it had been, they would have had a vested legacy in the proceeds of sale after deducting debts and expenses. The courts will construe a bequest of this descrip-

[Second Reformed Presbyterian Church *v.* Disbrow.]

tion as a gift, by implication, to the objects of the power: Hill on Trustees 68, 69, 70. In Pennsylvania, a devise to a charity should be regarded with favour, without respect to forms: Beaver *v.* Filson, 8 Barr 327 ; Domestic and Foreign Missionary Society's Appeal, 6 Casey 25 ; McGirr *v.* Aaron, 1 Penna. Rep. 49 ; Morrison *v.* Beirer, 2 W. & S. 87 ; Newell's Appeal, 12 Harris 197 ; Evang. Association Appeal, 11 Casey 316. A devisee whose interest is free from doubt, is preferred to the heir : 1 Saund. 185, n. 5. The presumption in favour of the first taker should be more easily rebutted. The effect of the residuary disposition is not to give the fee in the land already *specifically* devised : Earp's Will, 1 Pars. Rep. 459 ; Hansell *v.* Hubbell, 12 Harris 245 ; Nethercot *v.* Bartle, 5 B. & Ald. 492 ; Van Kleeck *v.* The Church, 6 Paige Ch. R. 600. The subject of the trust was certain, as the definiteness required in a *gift* and trust is the same, and such a gift would be valid : 2 Spence Eq. Jur. 62 ; Redfield on Wills 680, §§ 22 ; 16 Merlin Rep. de Jur. 600–670 ; 70 Sect. 3 D. *de legatis*, 2°, 54–58 ; Sec. 8 D. *ad Trebellianum.*

The law regards little but the intention. By the principle in Pennock's Estate, the intention of the testator is generally defeated. Precatory words *primâ facie* exclude discretion: Hawkins on Wills 160. "May," used by the sovereign, is usually equivalent to must : Dwarris on Stat. 717. A testator has sovereign power over his property. In Coates' Appeal, 2 Barr 129 ; McKonkey's Appeal, 1 Harris 253 ; Jackson *v.* Jackson, 2 Barr 212, the same principle as to the mandatory effect of precatory words was admitted : Walker *v.* McQuigg, 6 Watts 87 ; Connell *v.* Lovett, 11 Casey 103 ; Cooper's Justinian 535. Sister states, drawing their law from the same source with us, have the old English rule ; this is evidence that this is the law with us : Callender *v.* Keystone Insurance Co., 11 Harris 473 ; Sugden on Prop. 262 ; Hill on Trustees 68–72 ; Vandyck *v.* Van Buren, 1 Caines 84 ; Hart *v.* Hart, 2 Dess. 63 ; Brunson *v.* Hunter, 2 Hill Ch. R. 2 ; Sydnor *v.* Sydnor, 2 Munf. 263 ; Harrison *v.* Harrison, 2 Gratt. 1 ; Erickson *v.* Willard, 1 N. Hamp. 217 ; Lucas *v.* Lockhart, 10 Sm. & M. 466 ; Collins *v.* Carlisle, 7 B. Monr. 14 ; Tolson *v.* Tolson, 10 Gill & Johns. 159 ; 8 Gill 376 ; Green *v.* Collins, 6 Iredell 139 ; 1 Rich. Ch. 324 ; 7 Jones 463 ; 2 Stock. 304 ; McKee *v.* Means, 34 Alab. 349 ; 35 Verm. R. 179 ; Ingram *v.* Fraley, 29 Georgia 553 ; Bull *v.* Bull, 8 Conn. 47. Gilbert *v.* Chapin, 19 Id. 342, *contra*, was decided by a divided court. Harper *v.* Phelps, 21 Id. 257, was decided as not within the English rule. Ellis *v.* Ellis, 15 Alab. 296, is not consistent with 34 Id. 349. In Thompson *v.* McKissick, 3 Humph., there was no life estate. Gally *v.* Cregoe, 24 Beav. 185 ; Benson *v.* Kinnear, 2 Giff. 195 ; 6 Jur. N. S. 882 ; Malin *v.* Keighley, 2 Ves. Jr. 333 ; Scott *v.* Key, 11 Jur. N. S. 819 ; Crockett *v.* Crockett, 1 Harr. N. J. 451 ; Shovelton *v.* Shovelton, 32 Beav.

[Second Reformed Presbyterian Church v. Disbrow.]

143. Pennock's Estate has been recognised as a *precedent* merely, in Walker *v.* Hall, 10 Casey 484; Kinter *v.* Jenks, 7 Wright 445; Jauretche *v.* Proctor, 12 Wright 466—not upon its *principles*. None of these cases are analogous to this.

*G. L. Crawford* and *B. H. Brewster*, for defendants in error.— The testator gives his wife a fee simple, by giving her a power of disposal and his whole rights and powers: Morrison *v.* Semple, 6 Binn. 97; Morris *v.* Phaler, 1 Watts 390; Culbertson *v.* Duly, 7 W. & S. 195; Brown's Estate, 2 Wright 293; Turbett *v.* Turbett, 3 Yeates 187; Wills Act of 1833; Johnson *v.* Morton, 10 Barr 245; Weidman *v.* Maish, 4 Harris 511.

No rule of property has been more thoroughly considered and affirmed than that words merely precatory do not *primâ facie* import a trust: Pennock's Estate, 8 Harris 268; Walker *v.* Hall, 10 Casey 484; Kinter *v.* Jenks, 7 Wright 445; Beck's Appeal, 10 Wright 527; Jauretche *v.* Proctor, 12 Id. 466.

Even in England, where the testator does not take away the donee's discretion, the expression of his wish and desire does not raise a trust: Hawkins on Wills 160, 163; 2 Ves. Jr. 335; 1 Sim. 542; 10 Price 306; 9 Sim. 319; 10 Id. 1; 14 Id. 379; 3 Mac. & G. 554; 2 De G. & Sm. 356; 5 Mad. 434; 3 Beav. 154, 72, 6; 2 Y. & C. N. S. 582, 90.

Where there is a discretion to withdraw any part of the subject of the devise from the object, or apply it to the donee's use, or where there is uncertainty in the subject with merely precatory words, no trust is created: 3 Beav. 173, 4; 2 Bro. C. C. 585; 3 Ves. Jr. 7; 5 Mad. 121; 1 Sim. & S. 389; 6 Beav. 342; 2 Cox 354; Hawkins on Wills 164; 1 Bro. C. C. 179; 1 Drew 647; 2 Id. 221; 10 Hare 234; 2 My. & K. 197.

The opinion of the court was delivered, April 2d 1866, by

WOODWARD, C. J.—A devise of an estate generally or indefinitely, with a power of disposition over it, carries a fee. But where the estate is given for life only, the devisee takes only an estate for life, though a power of disposition or to appoint the fee by deed or will be annexed, unless there be some manifest and general intent of the testator which would be defeated by adhering to the particular intent. Words of implication do not merge or destroy an express estate for life unless it becomes absolutely necessary to uphold some manifest general intent. This is Chancellor Kent's condensation of the doctrine of very numerous cases: 4 Kent's Com. (star page) 319; and without discussing the cases I proceed to make an immediate application of the doctrine to the will before us.

The general and paramount intent which is manifest upon the face of the testator's will is to provide for his wife. To this end

he gave the premises in question to her " to have and to hold and enjoy during her lifetime, or dispose of the same as shall seem best unto her, and in doing so, she shall possess all the rights and powers that I of right could do if I were living ; but it is my wish and desire that my said wife, Elizabeth Hamilton, will leave at the time of her death the property thus left to her by me, or any part that may then be remaining in her hand for the benefit of young men that are unable to educate themselves, and who are studying for the ministry, and are in connection with the Second Reformed Presbyterian Church, and members of that body of Christians."

Now although the words descriptive of the estate intended to be given to the wife express an estate for life only, it is impossible in reading the alternative member of the sentence to hold the mind back from the conviction that more than a life estate was intended to be given. The question whether she should hold and enjoy the estate for life *or* dispose of it was referred to her sole discretion, but if she elected to dispose of it, her powers of disposition should be as absolute as his own. What but complete dominion over the estate did such a devise confer? It is just that right to retain and enjoy real estate, or to dispose of it at pleasure, that marks the fee simple, the highest that can be had in lands. Her powers measured by those of the testator were not a whit short of his—if he had a fee simple he meant to confer one on her.

And the precatory words in which he expressed his desires as to " any part that may be remaining" in her hands at her death, not only do not create a trust for the beneficiaries referred to (Pennock's Estate, 8 Harris 268), but they strengthen the above conclusion that an absolute interest was vested in the wife. " Any part remaining" (equivalent to the word residue), imply the right of consumption—imply that part of the interest devised might be so used and converted as not to be in existence at her death, which is inconsistent with the notion that only a life estate was devised, for if only a life estate, the fee would necessarily remain entire at her death, and it was nonsense to speak of it as *part* of the estate. It was a devise of real estate, and if she had power to carve it into *parts*, so that only a *part* could remain in her to go over, then clearly a fee simple was intended for her.

Taking the will altogether, we cannot doubt that this is an instance in which it is necessary to imply a fee simple in the wife, if we would uphold the manifest general intent of the testator.

The judgment is affirmed.