## Megargee *versus* Naglee *et al.*

1. A gift by a will was of real and personal estate to trustees, "the one-third in trust for my daughter, wife of S. M. and her heirs * * for the sole and separate use of my said daughter;" her share of personalty to be invested and the net income paid to her for her "sole and separate use," the trustees to have the care of the real estate and pay the rents, &c., to the daughter for her sole and separate use, and after her death "her share to be for the use of her heirs and legal representatives," with authority to her to will as "fully as if she were a feme sole." The husband died: *Held*, that the estate became executed in the daughter and decreed that the trustees convey the legal estate to her.

2. The will authorized the trustees to make necessary improvements and to make partition ; this being done the active duties of the trust ceased, and the trust continued, only to protect the daughter's estate during coverture.

3. The gift was a fee in the realty and an absolute estate in the personalty.

March 4th 1870.   Before READ, AGNEW and SHARSWOOD, JJ. THOMPSON, C. J., at Nisi Prius.

Appeal from the decree of the Supreme Court at Nisi Prius: Of January Term 1870, No. 9.

This was a bill filed by Margaret Megargee against Henry M. Naglee and others, trustees under the will of John Naglee, deceased.   John Naglee was the father of the plaintiff; he died in February 1852.   By his will he gave one-half of the residue of his estate to Henry M. Naglee and others "in trust for my three daughters; the one-third of the said one-half in trust for my daughter Margaret Megargee, the wife of Samuel Megargee and her heirs; * * and for the sole and separate use of each of my said daughters."

He then authorized the trustees, if they thought best, to set out each daughter's share in severalty; and proceeded: "It is my will that the share of the personal estate to which my daughters shall be entitled, shall be invested by the said trustees in good and safe securities, and the net income thereof to be paid my said daughters for their sole and separate use.   And the said trustees shall have the care and management of the real estate of my said daughters, shall receive the rents thereof, pay the taxes, and make all necessary repairs and improvements upon the same, and let any portions of the vacant lots upon ground-rent, and make and execute all necessary deeds and conveyances for that purpose, &c., and after deducting, &c., to pay over the residue of the rents and profits to each of my said daughters, to her sole and separate use, and her receipt shall be a sufficient discharge for the same, and after the death of either of my said daughters, her share to be for the use of her heirs and legal representatives ; and I do hereby authorize my said daughters to dispose of any share or part of the said property hereby bequeathed and devised

[Megargee *v.* Naglee.]

to her by her last will and testament, &c., as fully and effectually as if she was a feme sole and unmarried."

Mrs. Megargee's share in the estate devised under the will was afterwards allotted to her. Her husband died June 29th 1865.

The bill set out these facts, and prayed for a conveyance and transfer of the property by the defendants to her in fee and absolutely.

The defendants filed an answer admitting the facts stated in the bill, and submitting themselves to the order of the court.

On the 18th of September 1869, the cause was heard on bill and answer by Mr. Justice Williams, who made a decree dismissing the bill *pro forma.*

The plaintiff appealed to the court in banc, and there assigned this decree for error.

*E. K. Price* (with whom were *E. H. Weil* and *J. Page*), for appellants, referred to Catherwood's Appeal, 2 P. F. Smith 154, and Keyser's Appeal, 7 Id. 236 decisions in the same estate. This trust is executed: Lewin on Trusts 246; Williams on Real Prop. 135; Dubs *v.* Dubs, 7 Casey 155; Physick's Appeal, 14 Wright 128; Kepple's Appeal, 3 P. F. Smith 212. If not executed, it ceased on discoverture: Nice's Appeal, 14 Wright 143; Steacy *v.* Rice, 3 Casey 75; Ralston *v.* Waln, 8 Wright 279; Koenig's Appeal, 7 P. F. Smith 352; 2 Crabb on Real Prop., § 963; Smith *v.* Starr, 3 Whart. 62; Hamersley *v.* Smith, 4 Id. 126; Quigley *v.* Com., 4 Harris 353.

*J. E. Gowen,* for appellees.—The trustees had active duties to perform, and the trust was therefore unexecuted: Barnett's Appeal, 10 Wright 392; Shankland's Appeal, 11 Id. 113; Bacon's Appeal, 7 P. F. Smith 504; Keyser's Appeal, *supra.*

The opinion of the court was delivered, May 5th 1870, by

AGNEW, J.—This is a bill in equity, praying for a conveyance of the estate in the defendants as trustees on the alleged expiration of the trust at the death of the plaintiff's husband. A decree dismissing the bill *pro forma* was made at Nisi Prius, in order that the case might reach the court in banc. But one question is involved, and that is, whether the trust created for Mrs. Megargee during coverture, by her father John Naglee, in his last will, has fallen by the death of her husband Samuel Megargee. It seems to us very clear that the active trust vested in the joint board of trustees of the sons and daughters for the improvement of the estate, and its partition, ceased after the term fixed for the performance of these duties had expired and the partition made. Thenceforth there was nothing to keep alive the trust for the daughters, except so far as the will created a special trust for

[Megargee *v.* Naglee.]

them as married women to preserve their estates and protect them from their husbands and from the creditors of their husbands. The devise and bequest in the eighth clause in trust for the daughters are clearly of a fee in the realty, and an absolute estate in the personalty. A continuance of the special trust, after the death of the husband of any daughter, would be clearly at variance with the absolute estate thus vested in her. Being no longer necessary for the protection of the daughter, the trust falls, and she is entitled to receive the estate into her own hands as its owner, with all the incidents of ownership. In Bacon's Appeal the trust was for the daughter for life, and being an active one, the estate in her was merely equitable, so that it did not unite with the legal remainder to create a fee in her. But here the will gave Mrs. Megargee a fee and an absolute estate in the first instance. That in such a case the statute executes the use upon discoverture is sustained by abundant authority : Smith *v.* Starn, 3 Whart. 62 ; Hamersley *v.* Smith, 4 Id. 126 ; Harrison *v.* Brolaskey, 8 Harris 299 ; Steacy *v.* Rice, 3 Casey 75 ; Ralston *v.* Waln, 8 Wright 279 ; Nice's Appeal, 14 Id. 143 ; Freyvogle *v.* Hughes, 6 P. F. Smith 228 ; Koenig's Appeal, 7 Id. 352 ; Dodson *v.* Ball, 10 Id. 492.

> Decree reversed, bill restored, and a decree ordered to be drawn up for the plaintiff for the conveyance of the legal estate to her with costs, subject to the settlement of the account of the defendants as trustees for all proper charges and deductions to which they may be legally and equitably entitled, for and by reason of the trust estate in their hands.