## Levy's Estate. Neafie's Appeal.

*Will—Gift of income—Restriction on alienation.*

A testator who has made an absolute gift of income to his widow for life cannot, by a subsequent clause in his will, restrain her from disposing by will of such portions of the income as she may not have used for her support and maintenance.

Testator gave to his wife, "for her sole and separate use during her natural life, all the rents, issues, profits, interest, income and dividends of all the rest, residue, and remainder" of his estate, both real and personal. By a subsequent clause in his will he directed as follows: "In order to prevent misunderstanding in the construction of the bequest to my wife, it is not my intention to empower her to dispose of any part or portion of the interest and income of my estate bequeathed to her during her lifetime by any last will and testament she may make and execute, but that the same shall remain her support and maintenance. Any portion of the said income not so used to be considered part of my residuary estate."

It further appeared that the predominant intention was to give his wife an absolute estate in the income. The wife survived the testator, and at her

death there was a large amount of accumulated income which she disposed of by her will. *Held*, that the wife had an absolute estate in the income, which she could dispose of by will: Jauretche v. Proctor, 48 Pa. 466, applied.

Argued Jan. 10, 1893. Appeal, No. 34, July Term, 1892, by Jacob G. Neafie et al., trustees of John P. Levy, deceased, from decree of O. C. Phila. Co., April T., 1879, No. 137, dismissing exceptions to adjudication. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Audit of account of Jacob G. Neafie et al., surviving trustees under the will of John P. Levy, deceased.

The facts appear by the opinion of the Supreme Court.

Exceptions to the adjudication of HANNA, P. J., were dismissed, in an opinion by PENROSE, J., 1 Dist. R. 217.

*Error assigned* was in not awarding surplus or fund of unexpended income to trustees under will for purposes of the trust.

*R. C. McMurtrie*, for appellants.—Testator did not mean that the unexpended income should pass as his widow's estate: Haldeman v. Haldeman, 40 Pa. 34; Shalters v. Ladd, 141 Pa. 356; Hanson v. Graham, 6 Ves. 249; Sanderson's Trusts, 3 K. & J. 497; Cooke v. Farrand, 7 Taunt. 122; Arthur v. Mackenon, W. N. (1879) 93; Lorimer v. Lorimer, 5 Madd. 363; Ball v. Arms, 2 L. J. N. S. 32; Pedroth's Case, 27 Beav. 583; Scott v. Joslyn, 26 Beav. 174; Bride v. Fooks, 2 Beav. 430; Thorpe v. Owen, 2 Hare, 610; Linley v. Gurr, 6 Mad. 151; Kilvingham v. Gray, 10 Sim. 293; Mayor of Dundee v. Morris, 3 McQ. 135, 175; Lutz's Est., 27 W. N. 403; Hibb's Est., 143 Pa. 217; Crawley v. Crawley, 7 Sim. 427; Hull v. Hull, 24 N. Y. 647.

*M. Hampton Todd, J. Howard Gendell* with him, for appellee.—The gift includes the entire income; it is not restricted to mere maintenance. The subsequent clause could not cut it down: Good v. Fichthorn, 144 Pa. 287; Sheets's Est., 52 Pa. 257; Jauretche v. Proctor, 48 Pa. 466; Follweiler's Ap., 102 Pa. 581; Paisley's Ap., 70 Pa. 153; Cox v. Rogers, 77 Pa. 160; Hawley v. James, 16 Wend. 61; Mathews v. Keble, 4 L. R. Eq. 467; Lininger's Ap., 110 Pa. 398.

OPINION BY MR. JUSTICE DEAN, February 13, 1893 :

In December, 1867, John P. Levy died, leaving a widow, Mary Ann, and four children, Medora L., Mary Ann, Annie E., and Edward. The value of his estate at his death does not appear, but at the date of the adjudication in the orphans' court, December, 1891, it was over six hundred thousand dollars ($600,000). On the 11th of September, 1867, about three months before his death, he made a will which, except as to some small bequests, withheld the capital of his estate from his children until the death of his wife. The will is a long one ; it contains thirty-five separate items, stuffed with legal verbiage by one, apparently, not skilled in its use, and who perhaps had not a very clear understanding of its legal effect. However this may be, the testator, notwithstanding the many words used, has made manifest his intention with reasonable certainty, so far, at least, as concerns the dispute now before us.

The first twelve items of the will make bequests to his mother, brother, sisters, nieces, friend and church; then comes the thirteenth as follows :

" I give, devise, and bequeath after paying the before mentioned bequests and annuities, to my beloved wife, Mary Ann, for her sole and separate use during her natural life, all the rents, issues, profits, interest, income, and dividends of all the rest, residue, and remainder of my estate real and personal wherever and wheresoever situated, and which I shall die seized, possessed and entitled to, she to pay all and every claim for taxes, assessments, and water rents, and keep all my real estate in good order and condition."

The wife survived her husband more than twenty-three years. During that time she received the income bequeathed to her, except the sum of one hundred and fifty-five thousand, eight hundred and eighty-five dollars ($155,885), which at her death was still in the hands of the executors of her husband's will, who are also trustees of the residuary estate. On adjudication of the accounts of the executors in the orphans' court, the trustees claimed this fund as part of the residuary estate. But Mrs. Levy had made a will disposing of all her estate, and her administratrix c. t. a. claimed the same fund. The court decided it was Mrs. Levy's and awarded it to her administratrix, and from this decree the trustees took this appeal.

The right to the fund depends on the legal effect to be given the will of John P. Levy.  His intention, in the thirteenth item just quoted, is to make an absolute gift of the whole income of his residuary estate to his wife during her life; but his intention is not to be ascertained from this item alone, but from what he says on the same subject in the whole will.  In item thirty-one he says:

" In order to prevent misunderstanding in the construction of the bequest to my wife, it is not my intention to empower her to dispose of any part or portion of the interest and income of my estate bequeathed to her during her lifetime by any last will and testament she may make and execute, but that the same shall remain her support and maintenance.  Any portion of the said income not so used to be considered part of my residuary estate."

In this he recognizes the absolute nature of the gift in the thirteenth item; realizes that by the words there used her power over it is unlimited; therefore he will restrict her power to this extent:—she shall not will a part of the income.  The words, " the same shall remain her support and maintenance," in the connection here, have no further significance than to disclose the testator's motive for the gift.  Now, having taken away from her the power to dispose of any part not so used by will, he gives that part to his residuary legatees.

So far as concerns these two items, they manifest inconsistent intentions; the thirteenth is as absolute a gift of personalty as language can express; the thirty-first prohibits the exercise of testamentary disposition, one of the essential attributes of absolute ownership.

We have in them not obscurity or doubtful intention, but two opposite intents positively expressed.  The question now is, not what is the intent, but what shall be the effect of the intention as expressed?  In such case the predominant or paramount intent shall control and the subordinate or particular intent give way.  What is the paramount intent?  We think a candid consideration of the will leads to the conclusion that it is to give absolutely to the wife the income.  The language used in the thirteenth item admits of no other interpretation than that of an absolute gift.  Nor is this interpretation in the least qualified by the words used in the fourteenth, fifteenth,

sixteenth, and seventeenth items, where he gives for each of his children their respective shares of his estate, and says: "Together with the full one fourth part or share of all my personal estate not disposed of by my wife during her lifetime for her own use and benefit." The possibility that she may not dispose of it is suggested; if she does not he does; but there is no hint of intention to restrict her use of it or her power of disposition.

In the twenty-third item he directs that certain money shall be invested and the interest paid to her during "all the term of her natural life;" as to this much of the income a repetition of the unrestricted gift in item thirteen. In the thirty-fifth and last item of his will he recognizes the absolute nature of the gift first made in the thirteenth item in these words: "In case my wife, Mary Ann, shall at any time after my decease enter into and again be married, I order and direct that the bequest giving to her all the rents, issues and profits of all and every part of all my real and personal estate during her lifetime shall cease and determine; and in lieu thereof I give, devise, and bequeath, during her lifetime, the full one third part or share of the income and profit of all my real and personal estate."

This, although coming after the prohibition of testamentary power in the thirty-first item, attempts no restriction as to what may not have been used, nor is any sought to be imposed on the one third which takes its place.

Then the bequest of the rents, issues, profits, income and dividends is directly to her; of the eleven personal bequests and legacies to wife, children, relatives, and friend, all are in trust except this one; the power conferred by a legal title as to the others is withheld; the unrestricted use incident to possession is not given. To her, the gift is not for her support and maintenance, nor to a trustee for her support and maintenance, but it is of the income of the estate directly to her "for her sole and separate use during her natural life." The principal is hedged round with guards for its preservation and fruitfulness, that it may yield, during her natural life, the income intended for her; and all the important bequests which in any way touch the principal, or interrupt the income, take effect only "after the decease of my beloved wife."

With this obvious predominant thought, of an absolute gift to his wife, in the mind of the testator thus manifested, he injects the subordinate particular intent disclosed in the thirty-first item; he will deprive her of the power of testamentary disposition as to part of that which he has given; that power he will himself enjoy; he gives absolutely the whole to one, then part of it to another. We think he had no part then to give; for it is impossible to distinguish this case in principle from Jauretche v. Proctor, 48 Pa. 466. In that case the testator, by the first article of his will, gave a fee simple in his realty and an absolute estate in his personalty to his wife. By the third article he directed to her an imperative prohibition against disposing of any part of the estate during her lifetime; by the fourth article he gave what remained at her death to his children. It was conceded the wife took an absolute estate in the personalty, and it was held by this court that she took a fee simple in the land notwithstanding the prohibition against alienation. The opinion is by the then Chief Justice WOODWARD, who tersely states the principle on which the decision is rested in these words: "Such then—is this will—the devise of an absolute estate to the wife with all the rights of a tenant in fee except the power of alienation, and with direction that what shall remain of the property at her death shall be equally divided among the children. Now a power of alienation is necessarily and inseparably incident to an estate in fee, and therefore if lands be devised to A and his heirs upon condition that he shall not alien, the condition is void. And this principle is not peculiar to persons entitled to the inheritance of lands but applies also to the entire or absolute interest in personalty." And the reasoning which precedes and leads up to this conclusion is in the same opinion, this: "What is it then but the devise of a fee simple with a denial of the power of alienation. 'She is not to divest herself of what I may leave her until after her death,' implies that she may dispose of the estate by will, which can only take effect after death, but that she shall not dispose of it by deed, which must take effect during her life. The paramount thought in the testator's mind was to make his wife absolute owner of his estate, and he expressed his thought by sufficient words; but the particular thought was to take away from her one of the incidents of absolute ownership,—in other words,

that he would grant a fee with the power of testamentary disposition, but would withhold the power of alienation."

In the case before us there is no restraint on the enjoyment of the gift during life, but the power of testamentary disposition is withheld.

Jauretche v. Proctor was ably argued by eminent counsel and well considered; for more than a quarter of a century it has been cited and relied on by this court in contentions such as this.  On its authority, and the line of cases which follow it, we hold that the effect of the will before us is, to give the whole of the income of the residuary estate to the wife, Mary Ann Levy, and consequently the fund in dispute passes under her will to her administratrix.  This being our opinion, consideration of the other exceptions is unnecessary.

The decree of the orphans' court is affirmed, and appeal dismissed at the costs of appellant.

### LEVY'S APPEAL.

Appeal of Edmund L. Levy, from decree of O. C. Phila. Co., No. 34, July T., 1892, awarding to Mrs. Medora Altemus, Admx. c. t. a. of Mrs. Mary Ann Levy, deceased, the sum of $155,885, balance in hands of executors of John P. Levy, deceased.  Argued with preceding case.

OPINION BY MR. JUSTICE DEAN, February 13, 1893 :

The questions raised on this appeal have been determined in the appeal of Neafie et al., trustees, etc., from the same decree, in favor of the administratrix of Mary Ann Levy deceased.

The appeal is therefore dismissed at the costs of the appellant.