Henry Evans *v.* William E. Smith et al., Appellants.

*Will—Devise—Limitation upon alienation.*

Testator directed as follows: "I give and bequeath unto my wife all my estate both personal, real and mixed in fee simple to own, use, enjoy and dispose of the same as she may deem proper and right, the same as I might or could do if living. . . . I further hereby order and direct that whatever real estate that may not be sold or disposed of by my said wife in her lifetime that the same shall as soon as conveniently be done after her death, sold and converted into money. . . . I give and bequeath to my three children, Rachel, Margaret and David, the residue of my said estate after the death of my said wife, and after the bequest to my said grandson, Henry Evans, to be divided into three shares," etc. *Held*, that the widow took an absolute estate in fee simple in testator's lands.

Submitted Feb. 19, 1895. Appeal, No. 132, Jan. T., 1895, by defendants, from judgment of C. P. Schuylkill Co., May T., 1891, No. 417, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Ejectment for an undivided one fourth interest in five lots and houses on North Second street in the borough of Pottsville. Before BECHTEL, J.

At the trial it appeared that William Evans died in 1877, seized of the land in controversy. By his will he directed as follows:

"I do direct that my body be decently interred, and that my funeral be conducted in a manner corrisponding with my estate and situation in life, and that after my berrial my hereinafter named executers shall erect around my grave as soon as can conveniently be done a suitable enclosure large enough in which my beloved wife can after her death also be interred alongside of myself, said inclousure shall be constructed as follows, to wit: Four suitable cut stone posts to be sank deep enough into the ground to make a substantial fence around said inclousure, the railing to be made of wrought iron pipe, and to be fastened from post to post, painted and put up and made in a workman-like manner, and that a suitable head and foot stone shall be erected to my grave, this to be done and performed by my here-inafter named executrix as to my interment and as to the inter-ment of my said wife the same shall be done by my children or the survivor or survivors of them or such administrator *de bonis non cum testamento annexo* of this my last will and testament out of any estate which may be left after the death of my be-loved wife.

· "Item :—I give and bequeth unto my said beloved wife all my estate both personal, real and mixed in fee simple to own, use, enjoy and dispose of the same as she may deem proper and right, the same as I might or could do if living. Margaret shall have the household furniture.

"Item :—I further hereby order and direct that whatever real estate that may not be sold or disposed of by my said wife, in her lifetime that the same shall as soon as can convienently be done after her death, sold or converted into money by such administrators as is hereinbefore named.

"Item :—I give and bequeath to my grandson Henry Evans son of George Evans, deceased, the sum of five hundred dol-lars out of any monies belonging to my estate after the death of my said wife, to be put on interest until he is twenty one.

"Item :—I give and bequeth to my three children Rachel, Margaret and David, the residue of my said estate, after the death of my said wife, and after the bequest to my said grand-son Henry Evans, to be divided into three shares, my two daughters shall share and share alike but my said son David shall have one hundred dollars more for his share than either of my two daughters, and in case of death of either of my said

three children, Rachel, Margaret and David, in default of heirs then such share or shares shall go to the survivor or survivors of them, share and share alike, and in case either of my said three children shall die leaving lawful issue then the share of such deceased child shall go to such issue.

"Item :—I do further order and direct that should my said grandson, Henry Evans, die without lawful issue his said share shall go to my said three children or the survivor or survivors of them or their issue share and share alike.

"And lastly :—I do hereby constitute and appoint my beloved wife, Elizabeth Evans, sole executrix of this my last will and testament."

William Evans left surviving him his wife, Elizabeth Evans, to whom was granted letters testamentary upon his estate, three children, David, Margaret and Rachael, and a grandson Henry Evans, the plaintiff in this suit, who was the only son of his deceased child George Evans.

The wife of the decedent, Elizabeth Evans, enjoyed the profits of the estate during her life and died in 1880, intestate, leaving surviving her the three children and the grandson aforesaid.

The defendant Elizabeth Smith claimed title under the three children aforesaid who at the death of their mother were appointed administrators d. b. n. c. t. a. of the estate of William Evans their father, and who, as devisees in remainder after the death of their mother, sold the said real estate to her in 1889.

The plaintiff Henry Evans claimed title to the premises in controversy by virtue of the devise to his grandmother Elizabeth Evans in the above recited will. He claimed that under the will of William Evans his grandmother took an absolute estate in fee simple, and as she died intestate and only left three children and himself, an only son of a deceased child, that he was entitled to one fourth of the real estate in question under the intestate laws as an heir of the said Elizabeth Evans his grandmother.

The defendant to this suit, Elizabeth Smith, on the other hand claimed that under the will of William Evans the wife was given an estate for life with power of disposing of so much thereof as might be necessary for her maintenance and support, and that whatever remained of the estate of William Evans

after the death of his wife, Elizabeth Evans, vested in the three children under whom she claimed.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* among others was (2) above instruction.

*J. W. Ryon,* for appellant.—It was the intention of the testator to provide for his widow during her natural life adequate support, and after her death, to have his estate pass to his children.

This will being inartificially drawn must be liberally construed: 1 Jarman on Wills, 6th ed., p. 326; Redfield on Wills, 442; Dole v. Johnson, 3 Allen, 364.

Where there are two clauses in a will, which are so inconsistent with each other that it is impossible to give effect to both, the former must give way to the latter: Stickle's Ap., 29 Pa. 234; Mütter's Est., 38 Pa. 314; Lewis's Est., 3 Wharton, 162.

After an unqualified devise by the testator precatory words to his devisee cannot defeat the estate previously granted: Boyle v. Boyle, 152 Pa. 108; Coates's Ap., 2 Pa. St. 129; McKonkey's Ap., 13 Pa. St. 253; Pennock's Ap., 20 Pa. St. 268; Kinter v. Jenks et al., 43 Pa. St. 445; Beck's Ap., 46 Pa. 527; Jauretche v. Proctor, 48 Pa. 466; Presbyterian Church v. Disbrow, 52 Pa. 219; Bowlby v. Thunder, 105 Pa. St. 173; Paisley's Ap., 70 Pa. St. 153; Hopkins v. Glunt, 111 Pa. St. 287; McIntyre v. McIntyre, 123 Pa. St. 329, and Good v. Fichthorn, 144 Pa. 287.

*J. W. Moyer* and *James Ryon,* for appellee.—Every portion of a will must be given effect, where the different portions are consistent enough to admit of so doing: Jauretche v. Proctor, 48 Pa. 466; Hunter's Est., 6 Pa. 97.; Thompson's Ap., 89 Pa. 36; Wright's Ap., 89 Pa. 67; Reck's Ap., 78 Pa. 432; Forsythe v. Forsythe, 108 Pa. 129; Weideman's Ap., 42 Leg. Int. 338; Handcock's Ap., 112 Pa. 532; 1 Redfield on Wills, 470; Varner's Ap., 87 Pa. 423; Markley's Ap., 132 Pa. 354; Doebler's Ap., 64 Pa. 9; Kleppner v. Laverty, 70 Pa. 73; Levis's Est., 153 Pa. 174; Smith's Ap., 23 Pa. 9; Francis' Est., 75 Pa. 225.

The rule in Shelley's case is not one on construction but an inexorable rule of law, that when the ancestor takes a preceding freehold, a remainder shall not be limited to his heirs as purchasers: Kleppner v. Laverty, 70 Pa. 73; Doebler's Ap., 64 Pa. 17; Jaurechte v. Proctor, 48 Pa. 466; Church v. Disbrow, 52 Pa. 219.

A devise with power to give a fee passes a fee: Browns' Est., 38 Pa. 293; Johnson v. Morton, 10 Pa. 245; Coane v. Parmentier, 10 Pa. 72; Church v. Disbrow, 52 Pa. 219; Morris v. Phaler, 1 Watts, 389; Culbertson v. Duly, 7 W. & S. 195; Snyder v. Baer, 144 Pa. 278; Musselman's Est., 39 Pa. 469.

Where a fee is clearly given, subsequent inconsistent bequests or devises will not reduce it to a less estate, unless the intention of the testator so to do clearly appears: Pennock's Est., 20 Pa. 268; Walker v. Hall, 34 Pa. 483; Kinter v. Jenks, 43 Pa. 445; Beck's Ap., 46 Pa. 527; Church v. Disbrow, 52 Pa. 224.

When the first devisee has the absolute right to dispose of the property in his own unlimited discretion, and not a mere power of specifying who may take, it amounts to an unqualified gift, and any estate over is inconsistent therewith, and consequently void: 2 Redfield on Wills, 277; 1 Jarman on Wills, 677, note 2; Lynd v. Esterbrook, 7 Allen, 68; Fiske v. Cobb, 6 Gray, 144; Ide v. Ide, 5 Mass. 500; Burnbank v. Whitney, 24 Pick. 146; Jackson v. Delancy, 13 Johns. (N. Y.) 537; Jackson v. Bell, 19 Johns. (N. Y.) 168; Karker's Ap., 60 Pa. 155.

Words of command have no more controlling force in such cases than mere precatory words: Boyle v. Boyle, 152 Pa. 108; Levy's Est., 153 Pa. 177.

OPINION BY MR. JUSTICE GREEN, March 11, 1895:

We think it quite clear that every clause of this will which is supposed to limit or restrain the effect of the devise in fee simple to the wife of the testator, has been considered and adjudged in the numerous decisions we have heretofore made. In Jauretche v. Proctor, 48 Pa. 466, which is the leading case, the words of the third and fourth articles of the will, were much more restrictive than any of the words in the will we are considering. The words of the third article in that case were an

absolute prohibition against any disposition of the estate by the devisee during her life.   We held that it was only a restraint upon the power of alienation which was void as against the fee. The fourth article of that will was almost precisely the same as the residuary item in this.   We held it to be a gift, not of the residue of the testator's estate, but of the estate of the devisee unconsumed by her, and hence it could not be considered as being intended to reduce her fee simple estate in the whole. The same is true of the third item of the present will.   It is merely a direction to sell whatever of the estate she may not have sold or disposed of during her life.   It is a recognition of her right to sell and dispose of the whole estate, and not a restraint upon her estate under the will.   These are all the points of contest in this case, but these and a number of others, which have no existence here, have all been adjudged in favor of the estate of the devisee in the cases which have followed Jauretche v. Proctor.   It will only be necessary to indicate some of them by reference, to wit: Presbyterian Church v. Disbrow, 52 Pa. 219; Bowlby v. Thunder, 105 Pa. 173; Hopkins v. Glunt, 111 Pa. 287 ; McIntyre v. McIntyre, 123 Pa. 329 ; Good v. Fichthorn, 144 Pa. 287; Boyle v. Boyle, 152 Pa. 110, and Levy's Estate, 153 Pa. 174.

Judgment affirmed.