# Witmer *v.* Delone, Appellant.

225   450
s225   453

*Will—Devise—Fee simple estate—Power of disposition.*

1. A devise, generally or indefinitely, with power of disposition, carries a fee.

2. Testatrix devised the residue of her estate to her sister, and further directed: "It is my wish however, that if the whole or any part of my estate should not be disposed of by my said sister during her lifetime, that at her death the same should be converted into money." She also directed that this money should be divided among certain charities. Testatrix died within a calendar month from the

date of the will. *Held*, that the sister took an estate in fee simple in the land.

Argued May 20, 1909. Appeal, No. 163, Jan. T., 1909, by defendant, from judgment of C. P. York Co., Oct. T., 1907, No. 36, for plaintiff on case stated in suit of Barbara F. Witmer and Mary Grove, Administrators d. b. n. of the estate of Sarah J. Hostetter, deceased, v. Charles J. Delone. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine title to real estate. Before BITTENGER, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Josiah W. Gitt* and *Allen C. Wiest*, for appellant, cited: Brockey's App., 4 Atl. Repr. 210; Presbyterian Board of Foreign Missions v. Culp, 151 Pa. 467; Martin v. Heckman, 25 Pa. Superior Ct. 451; Evans v. Smith, 166 Pa. 625.

*V. K. Keesey*, with him *C. E. Ehrehart* and *J. S. Black*, for appellees, cited: Huber v. Hamilton, 211 Pa. 289; Jauretche v. Proctor, 48 Pa. 466; Evans v. Smith, 166 Pa. 625; Gilchrist v. Empfield, 194 Pa. 397.

OPINION BY MR. JUSTICE STEWART, June 22, 1909:

The appeal is from a judgment entered on a case stated in which one of the questions submitted was, whether under the will of Mary C. Hostetter, her sister, Sarah J. Hostetter, acquired a fee simple estate in certain land sold by the latter's legal representative to the defendant in the suit. The devise is as follows: "All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and wheresoever situated at the time of my decease, I give, devise and bequeath unto my sister, Sarah J. Hostetter, to use and dispose of as she may think proper. It is my wish however, that

if the whole or any part of my estate should not be disposed of by my said sister during her lifetime, that at her death the same should be converted into money." A direction that this money should be divided between certain charities follows. The testatrix died within a calendar month from the date of the will, and it results, independently of any construction of the will, that the gifts to the charities must be disappointed. Whether in consequence Sarah J. Hostetter, if she were but a life tenant, would succeed by inheritance to the fee simple, need not be considered. Her fee simple estate in the land rests securely upon the written devise. Our cases all hold that a devise generally or indefinitely, with power of disposition, carries a fee. In the present case the will gives the land to Sarah J. Hostetter with absolute and unrestricted right to dispose of it in her lifetime. The gifts to charity were not to be paid out of any residuary estate of the testatrix, but out of such estate of the devisee, Sarah J. Hostetter, as remained at her death undisposed of; and hence the gifts are not to be considered as intended to reduce the fee simple devise. This is the doctrine so clearly expressed in Evans v. Smith, 166 Pa. 625, a case which cannot be distinguished from this in any essential feature. So close a precedent is rarely found. It rules this case, and makes further discussion of it unnecessary. Our later cases are to the same effect, among them, Gilchrist v. Empfield, 194 Pa. 397; Kennedy v. Pittsburg, etc., R. R. Co., 216 Pa. 575. The judgment as amended in No. 165, January Term, 1909, the next succeeding case, which is an appeal by the plaintiffs, is affirmed.