## Hoxie *v.* Chamberlain, Appellant.

*Wills—Construction—Fee simple estate—Real estate.*

1. A devise with power to give a fee, passes a fee.

2. Where a testator gives to a person, who is in the position of a daughter to him, the same estate which she would have taken as his only child and heir at law, and in a subsequent clause directs that should she "have no legal issue or heir of her own body at her death, the personal or real property she may die seized of by virtue of this bequest shall revert to and belong to my estate," the devisee takes a fee simple in the testator's real estate.

Argued March 14, 1910. Appeal, No. 36, Jan. T., 1910, by defendant, from judgment of C. P. Bradford Co., May T., 1909, No. 473, for plaintiff in case stated in suit of Mary T. Hoxie v. William Chamberlain. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketable title to real estate. Before CAMERON, P. J., specially presiding.

From the case stated it appeared that the plaintiff, formerly Mary P. Thorpe, claimed title as devisee in fee simple under the will of Otis J. Chubbuck.

The material portion of the will was as follows:

"3. I give to Mary P. Thorpe, known as Mary P. Chubbuck, whom we have brought up, the same interest and rights in my personal and real estate, as she would have were she our own and only child (save only as the same may be affected by collateral inheritance tax). Should the said Mary have no legal issue or heir of her own body at her death, the personal or real property she may die seized of by virtue of this bequest, shall revert to and belong to my estate."

The court entered judgment for plaintiff for $1,500. Defendant appealed.

*Error assigned* was the judgment of the court on case stated.

*J. Ross Lilley*, of *Lilley & Wilson*, for appellant, cited: Stoner v. Wunderlich, 198 Pa. 158; Martin v. Heckman, 25 Pa. Superior Ct. 451.

*I. McPherson*, with him *William Little*, for appellee.—When there is an absolute and unqualified devise in fee simple, a subsequent limitation over to another of what remains, or of the residue, at the death of the first taker will not reduce his estate: Bailey v. Railway Co., 208 Pa. 45; Gilchrist v. Empfield, 194 Pa. 397; Ide v. Ide et al., 5 Mass. 500; Burbank et al. v. Whitney, 41 Mass. 146, 154; Jackson v. Bull, 10 Johns. 19; McDonald v. Walgrove, 1 Sandf. Ch. 274.

Opinion by Mr. Justice Potter, April 18, 1910:

The question here presented for consideration is as to the extent of the estate vested in the plaintiff by the will of Otis J. Chubbuck. In the third paragraph of his will the testator gave to the plaintiff the same estate which she would have taken as his only child and heir at law. It is clear that he intended to give her what amounted to an estate of inheritance. He went on to express a further intent by saying,

"Should the said Mary have no legal issue or heir of her own body at her death, the personal or real property she may die seized of by virtue of this bequest shall revert to and belong to my estate." It is necessarily implied by these words that the devisee had power to dispose of the property given to her, for the limitation over to the estate of the testator was only to apply to so much of it as "she may die seized of." There was no limit placed upon her right to dispose of the property at her own discretion, and therefore the devise amounted to an unqualified gift. A devise with power to give a fee, passes a fee: Brown's Est., 38 Pa. 289; Church v. Disbrow, 52 Pa. 219; Witmer v. Delone, 225 Pa. 450.

In so far as any subsequent limitation over was inconsistent with the absolute gift already made, it would be void. We agree with the court below that under the will in question the estate devised to the plaintiff in the property described, is a fee simple, and that the deed of herself and husband for the same will convey a good and marketable title thereto.

The specifications of error are overruled, and the judgment is affirmed.