## Cecil v. Smith, Appellant.

*Deed—Estate tail—Estate in fee simple—Rule in Shelley's case.*

Where a husband and wife execute a deed of real estate to a trustee to hold the same for the separate use of the wife for life and after her death in trust for the heirs of the body of the wife by the said husband, naming him, begotten or to be begotten forever, with power in the trustee to sell the land in fee simple, and for such sum as the wife might appoint and direct, the wife takes an estate tail in the land, which by the operation of the Act of April 27, 1855, P. L. 368, vests in her an estate in fee simple; and if her husband dies, and she subsequently remarries and has children by her second husband, such children on her death are entitled to share equally with the children of the first marriage in the real estate in question.

Argued April 21, 1910. Appeal, No. 75, April T., 1910, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1906, on verdict for plaintiff in case of Owen S. Cecil v. John W. Smith. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Ejectment for an undivided interest in the sixth ward of the city of Pittsburg. Before FRAZER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* among others was in refusing motion for judgment for defendant non obstante veredicto.

*Joseph Forsythe,* with him *J. F. & E. R. Edmundson,* for appellant.—The statute of uses executed the trust immediately upon the delivery of the deed to the trustee vesting the remainder in the four children, viz.: John, Samuel, Sadie and Hannah Jones, subject to the equitable life estate of their mother, Ann Jones: Wolford v. Morgenthal, 91 Pa. 30, and cases there cited by the court on p. 46; followed by Hague v. Hague, 161 Pa. 643; and see Womrath v. McCormick, 51 Pa. 504, no conveyance being necessary; Bacon's App., 57 Pa. 504; Kay v. Scates, 37 Pa. 31; Lantz v. Trusler, 37 Pa. 482.

The power to sell conferred on her even if it had been exercised could not increase her estate: Gross v. Strominger, 178 Pa. 64; Tyson's Est., 191 Pa. 218.

The words used, viz.: "for the use of the heirs of the body of the said Ann Jones by the said Enoch Jones begotten" are not nomen collectivum for the whole line of inheritable blood, but descriptio personarum of a particular class, viz.: those begotten by Enoch Jones: Kuntzleman's App., 136 Pa. 142; Guthrie's App., 37 Pa. 9.

The rule in Shelley's case does not apply: Kuntzleman's Est., 136 Pa. 142; Shalters v. Ladd, 141 Pa. 349; Dodson v. Ball, 60 Pa. 492.

*Owen S. Cecil,* with him *Johns McCleave,* for appellee.— A grant to a woman and the heirs of her body begotten or to be begotten by her present husband vests in her at common law an estate in fee tail special which by virtue of provisions of act of 1855 becomes at once a fee simple estate: Kleppner v. Laverty, 70 Pa. 70; Doebler's App., 64 Pa. 9; Cockins's App., 111 Pa. 26; Warn v. Brown, 102

Pa. 347; Criswell's App., 41 Pa. 288; Elliott v. Pearsoll, 8 W. & S. 38; Paxson v. Lefferts, 3 Rawle, 59; Hileman v. Bouslough, 13 Pa. 344; Schrecongost v. West, 210 Pa. 7; Carter v. McMichael, 10 S. & R. 429.

OPINION BY MORRISON, J., October 10, 1910:

The question here raised is what title did Ann Jones take under the deed dated September 1, 1858, from Enoch Jones and Ann Jones, his wife, of the first part, and Samuel Roberts, Jr., of the second part.

After properly describing the land, to which the title is in dispute, the deed contains the following controlling language, to wit: "Together with all and singular, the buildings and improvements to the same belonging or in any wise appertaining and the reversions and remainders, rents, issues and profits thereof. To have and to hold the said described lot or piece of ground with the appurtenances hereby granted and intended so to be unto the said Samuel Roberts, Jr., his heirs and assigns forever, in trust nevertheless for the uses following and none other, that is to say for the sole and separate use of Ann Jones, wife of the said Enoch Jones, for and during her natural life and so that she alone or such person as she shall appoint shall take and receive the rents, issues and profits thereof and so as her husband, the said Enoch Jones shall not in any wise intermeddle therewith. And from and after the decease of the said Ann Jones, in trust for the heirs of the body of the said Ann Jones by the said Enoch Jones begotten or to be begotten forever, with the power to the said Samuel Roberts, Jr., to sell and convey in fee simple, the whole or any part of the aforesaid premises and appurtenances to any person or persons, and for such sum or sums of money as the said Ann Jones by writing under hand and seal duly acknowledged at any time during her life may appoint and direct," etc. After making and delivering said deed Enoch Jones died, leaving to survive him a widow, said Ann Jones, and four children begotten by him upon the body of said Ann Jones.

Subsequently Ann Jones married one Owen Jones and at the time of her death left to survive her eight children, four of whom were begotten by Enoch Jones and four by Owen Jones. After the death of Ann Jones on April 28, 1889, her four children begotten by Enoch Jones, conveyed to George F. Schmidt, by deed dated June 10, 1896, the land in dispute. By deed dated April 27, 1905, Edward M. Jones and David G. Jones, two of the four children of Ann Jones begotten by Owen Jones, conveyed their interest in said land as heirs at law of Ann Jones to Owen S. Cecil, the plaintiff here, who thereupon brought this suit in ejectment and recovered, in the court below, a final judgment for the undivided one-fourth of the land in dispute and the defendant, Jno. W. Smith, who had succeeded to the title of George F. Schmidt, appealed to this court. It is conceded that the title of the four children of Enoch Jones and Ann Jones to the land in question had become vested in said John W. Smith, defendant, and that he was in possession of the said land.

If Ann Jones took a fee simple title under the deed of September 1, 1858, then when she died, intestate, the land therein conveyed descended to all of her eight children. But if she only took a life estate, then at her death the defendant contends that her four children begotten by Enoch Jones came into possession of said land as purchasers under said deed. If the former contention is correct, the judgment must be affirmed. But if the latter contention prevails, the judgment must be reversed.

Notwithstanding the able argument of the learned counsel for appellant we are constrained to hold that the learned court below was right in deciding that Ann Jones took a fee simple title under said deed, and, therefore, at her death, intestate, said title descended to her eight children as tenants in common and that her two children begotten by Owen Jones, who conveyed to the plaintiff, inherited from their mother, Ann Jones, the undivided one-fourth of the said land, and, therefore, the judgment in favor of the plaintiff for the same is correct.

We are of the opinion that this case is ruled by Schrecongost v. West, 210 Pa. 7. In that case the court below gave a binding instruction for the defendant on the theory that the deed of October 16, 1858, between Patrick Denny and Mary, his wife, of the first part, and Elizabeth West and her heirs by Samuel West, of the second part, vested a fee simple title in said Elizabeth West. The court below said: "Had this deed been to Elizabeth West for the term of her natural life or for years, and at her death to her heirs begotten upon her by Samuel West, the case would have clearly fallen within the rule in Shelley's case, but as shown by the above authorities it does not so fall.

"As we view this deed, it conveyed an estate in special tail. It is stated in Blackstone, book 2, page 114, that 'where lands and tenements are given to a man and the heirs of his body on Mary his now wife to be begotten, here no issue can inherit but such special issue as is engendered between them two, and therefore it is called special tail.'

"Then comes our Act of assembly of April 27, 1855, P. L. 368, which provides: 'Wherever hereafter any gift, conveyance or demise of an estate in fee tail would be created according to the existing laws of this state, it shall be taken and considered to be an estate in fee simple and as such shall be inheritable and freely alienable.' This act makes the estate a fee simple in Elizabeth West, the first taker, and in our opinion her deed of October 14, 1899, to Daniel West, gave the better title and the verdict of the jury should be for the defendant." The Supreme Court said: "The judgment is affirmed on this charge." See also Shapley v. Diehl, 203 Pa. 566.

Now in view of the language of the deed in the present case a fee simple title seems to have vested in Ann Jones without reference to the plain power conferred on the trustee to sell and convey a fee simple title. But conceding, for the argument sake, that if that power had been omitted from the deed of September 1, 1858, legal minds might fairly differ upon the question of whether or not a

fee simple title was carried by said deed, yet we think the absolute and unqualified power to sell and convey as follows, "with the power to the said Samuel Roberts, Jr., to sell and convey in fee simple the whole or any part of the aforesaid premises and appurtenances to any person or persons, for such sum or sums of money as the said Ann Jones by writing under hand and seal, duly acknowledged at any time during her life may appoint and direct," clearly removes any doubt that said deed carried a fee simple title. In this connection it is of some consequence to note that said deed does not attempt to control the proceeds of the sale of said real estate in the event of the trustee, upon the request of Ann Jones, selling the same. We think the authority granted to the trustee to convey a fee simple title clearly and conclusively indicates that the deed of September 1, 1858, was intended to and did vest in the trustee, and at the death of Enoch Jones, in Ann Jones, a fee simple title.

In the recent case of Hoxie v. Chamberlain, 228 Pa. 31, opinion by Mr. Justice POTTER, the Supreme Court said: "In the third paragraph of his will the testator gave to the plaintiff the same estate which she would have taken as his only child and heir at law. It is clear that he intended to give her what amounted to an estate of inheritance. He went on to express a further intent by saying, 'Should the said Mary have no legal issue or heir of her own body at her death, the personal or real property she may die seized of by virtue of this bequest shall revert to and belong to my estate.' It is necessarily implied by these words that the devisee had power to dispose of the property given to her, for the limitation over to the estate of the testator was only to apply to so much of it as she may die seized of.' There was no limit placed upon her right to dispose of the property at her own discretion, and therefore the devise amounted to an unqualified gift. A devise with power to give a fee, passes a fee: Brown's Est., 38 Pa. 289; Church v. Disbrow, 52 Pa. 219; Witmer v. Delone, 225 Pa. 450.

"In so far as any subsequent limitation over was inconsistent with the absolute gift already made, it would be void."

In Witmer v. Delone, 225 Pa. 450, the Supreme Court said: "Our cases all hold that a devise generally or indefinitely, with power of disposition, carries a fee."

If the deed of September 1, 1858, only vested a life estate in the trustee, for the benefit of Ann Jones, then the power contained in the deed to convey a fee simple title could not have been exercised. To hold, as contended by the appellant, that said deed only carried a life estate for Ann Jones and that it vested a fee simple title, as purchasers, in her four children by Enoch Jones would require an utter disregard of the plain language authorizing the trustee to sell and convey a fee simple title. This we do not feel warranted in doing. The law is so plain that when Enoch Jones died the necessity for the continuance of the dry trust in Samuel Roberts, Jr., no longer existed and that it would, as a matter of law, cease and the title vest in Ann Jones, that it hardly seems necessary to cite authorities in support of that proposition. However, we here cite a few of the cases: Megargee v. Naglee et al., 64 Pa. 216; Williams' Appeals, 83 Pa. 377; Bush's App., 33 Pa. 85; Kuntzelman's Est., 136 Pa. 142; see also Wilson v. Heilman, 219 Pa. 237, and Simpson v. Reed, 205 Pa. 53.

The assignments of error are all dismissed and the judgment is affirmed.