# Appeal of William S. Brown et al., Exrs.

## Hannah P. Courtright's Estate.

A bequest of personal property for use during life, with full power and authority to dispose of the same during the life and according to the discretion of the legatee, confers title to the property absolutely.

It is within the sound discretion of the orphans' court in the distribution of a decedent's estate, to permit legatees to take the securities in specie, and unless it is shown that some one is injured thereby the supreme court will not interfere with such action.

(Argued April 25, 1888. Decided May 7, 1888.)

July Term, 1888, No. 9, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Certiorari sur appeal from a decision of the Orphans' Court of Erie County, in matter of the distribution of money in the hands of the executors of the last will of Hannah P. Courtright, deceased, September term, 1886, No. 7. Affirmed.

Hannah P. Courtright died on February 12, 1885, having made a will with codicils attached, which was duly probated February 21, 1885. William S. Brown and Joseph McCarter, the appellants, were appointed executors and trustees under the will. They filed an account April 28, 1886, to which exceptions were filed which were referred to T. A. Lamb, as auditor, to pass upon and report a distribution of the assets admitted to be on hand as the same were distributable under the will.

Milton Courtright, the husband of testatrix, died April 25, 1883, having made a will by which he bequeathed to Hannah P. Courtright "all the household goods, pictures, plate, books, and all other articles in use or being in the homestead in the city of Erie; also, the horses, harness, carriages, etc., of every kind that I may own or possess at the time of my death, for her

use so long as she shall live, with full power and authority to her to sell and exchange, or otherwise dispose of any of said property during her life in her discretion."

The executors, having inventoried the proceeds of this property as assets of the estate of testatrix as they claimed by mistake, because the property belonged in fact to the estate of Milton Courtright and should be included among the assets of such estate, claimed that the auditor, in restating the account, should strike the same from the debit side of their account, which he refused to do. [1]

By her will Mrs. Courtright gave her entire estate to her executors, in trust "to collect the rents, income, and interest of all the real estate I may have, and my personal property, except bonds, mortgages, stocks, obligations and other securities and money, and pay the same to my husband, Milton Courtright, during his life." "Second. To collect the rents, income, and interest of all the personal property I may have, and pay one-fourth part thereof annually or semi-annually to my husband, M. Courtright. . . ."

By the third clause of her will she then provides: "And upon the decease of my said husband, or either of my children, or grandchildren, then in trust, as respects the part hereby granted or devised to him or her, to grant, convey, assign, and transfer the same (the fee and principal sum) unto such person, or persons, as such deceased devisee may have directed by any last will, or writing to be in the nature of a last will, by him or her executed in the presence of two or more creditable witnesses.

"Fourth. And, in the case of the death of my said children, without making any such will, then, in trust, to grant, convey, and assign the share of each of said decedents unto such person or persons as, by the laws of the commonwealth of Pennsylvania, would have been entitled to the same, if the deceased child or grandchild had been legally seised of, in the lawful possession of, or the unrestricted owner of, the said undivided fractional part of my estate."

"Seventh. And upon the death of my husband, M. Courtright, either before or after my death, without having made such will, then in trust, to convey three eighths of said one fourth part devised to him to Mrs. Catharine Elizabeth Lowry, three eighths of the same to Hannah Alice Courtright, aforesaid, and one eighth to said child or children of John M. Courtright, one

eighth to N. P. Courtright, and in case of any of the devisees named in this (seventh) clause be not living at the time of the death of my husband, then in trust to assign and convey his, her, or their shares as above described in the fourth clause of the specification of trust.

"Eighth. My executors shall sell my real estate as my husband, M. Courtright, shall direct; pay the interest of the proceeds to him for his life, and then distribute the principal sum in the proportions I have described in the aforegoing seventh specification of trust."

Milton Courtright died before testatrix, but the above provisions as to the distribution of his share were not changed. The children and grandchildren of testatrix contended that the one fourth of the estate of which Courtright was to have the use during life and the fund arising from the sale of the real estate was presently distributable to them absolutely, while the executors contended that they should hold the corpus of the estate during the lifetime of the daughters and grandchildren named in the will, paying over the income thereof only to them and upon their respective deaths paying the principal of the fund to the persons entitled thereto under the third and fourth clauses of the will. The auditor awarded the one fourth and the real-estate fund to the legatees absolutely. [2]

Pending exceptions to the auditor's report Mrs. Catharine E. Brewer, a legatee both under the will of Milton Courtright and that of Mrs. Courtright, filed a petition asking the orphans' court to order Mrs. Courtright's executors to distribute to her certain securities then in their hands, on which a rule to show cause was granted. The executors alleged that the securities referred to in the petition were still unadministered assets of the estate and not distributable under and according to the auditor's report, and it being doubtful whether any of the body of the estate was distributable to the petitioner they could not safely pay over the same as prayed for.

After argument the court made the rule absolute [3] and handed down an opinion dismissing all the exceptions to the auditor's report, whereupon the executors took this appeal, alleging for error: (1) The refusal to strike from the account the proceeds of the sale of the household furniture, etc.; (2) the distribution of the one-fourth interest of Milton Courtright

absolutely; and (3) the making absolute the rule to show cause why the executors should not pay over certain securities.

*Vincent & Walling* for appellants.

*Allen & Rosenzweig* and *F. F. Marshall* for appellees.

PER CURIAM:

We can see no reason why the learned auditor and court below should have struck out the proceeds of the sale of the household furniture from the account. This furniture belonged to Hannah P. Courtright at the time of her death and was properly included in the inventory of her estate. It is true it formerly belonged to her husband, but the latter bequeathed it to her, and by the terms of his will her interest in it was absolute. Drennan's Appeal, 118 Pa. 176, 12 Atl. 348.

While the will of Mrs. Courtright is by no means clear as to the disposition of the one-fourth interest we are of the opinion that the auditor has taken the proper view of it.

The third assignment is without merit, and was not pressed. No injustice is done by permitting Catharine E. Brewer to take the securities referred to in specie. It was a matter within the sound discretion of the court, and unless it were shown that some one was injured thereby, there is no reason why we should interfere.

The decree is affirmed and the appeal dismissed, at the costs of the appellants.