## Ritter's Estate.   Shissler's Appeal.

*Life estate—Annuity—Will—Residuary clause—Failure to appoint trustee—Executor.*

A bequest of the interest of a certain sum of money for life, with a direction that the same be paid annually, without the appointment of any trustee, and with no specific limitation over but followed by a residuary clause, gives the first legatee a life estate in the interest only, with a remainder of the principal to the residuary legatee ; and, in such a case, the court will direct the executor to hold the fund during the life tenancy.

Argued April 11, 1892.   Appeal, No. 332, Jan. T., 1892, by Louisa Shissler, from decree of O. C. Columbia Co., Dec. T., 1891, No. 20, dismissing exceptions to auditor's report adjudicating account of B. F. Zarr, executor of will of Catharine Ritter, deceased.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Claim to entire estate in a certain fund.

The auditor, U. G. Freeze, awarded the fund in question as follows :

" To B. F. Zarr, executor,   .   .   .   .   $1,000.00

The interest payable annually to Louisa Shissler of Sunbury, from 21st July, 1890, during her natural lifetime,   .   .   .   .   .   .   81.66⅔

Then principal to residuary legatee."

The 17th clause of the will was as follows : " If the said above bequests do not exhaust my estate I give and bequeath unto my niece Mary Gellinger, the sum of five hundred dollars."   And the residuary clause : " All the rest and residue of my estate, if any, I give and bequeath to Mary Gellinger."

The other facts sufficiently appear in the opinion of the court below.

Exceptions were filed to the auditor's report, which were dismissed and the report confirmed by the court below in the following opinion:

" The contention in this case arises out of the construction of the following eleventh clause of the will of Catharine Ritter, deceased, to wit:—

" 'I give and bequeath unto Louisa Shissler, of Sunbury, Northumberland County, Pennsylvania, daughter of John Shissler, the interest on one thousand dollars during her natural lifetime, the same to be paid to her annually from the date of my decease.'

" It is claimed by the counsel for Louisa Shissler, that because there is in the eleventh clause a bequest of the interest of $1,000 for life, and no bequest over—no investment of the corpus directed and no trustee appointed, the one thousand dollars vested absolutely in Louisa Shissler at the death of the testatrix, and that the testatrix absolutely disposed of both principal and interest of the $1,000 mentioned in the eleventh clause of her will; that the $1,000 is to be given absolutely to Louisa Shissler, with interest from the death of testatrix.

" The words ' during her natural life,' in clause eleven of the will, restrains the payment of interest on the principal sum therein named to a particular duration of time, to wit : the life of Louisa Shissler.    Such restraint being in respect to the time of the payment of interest, is evidence of a particular intention that the legatee has but a life interest: Eichelberger's Est., 135 Pa. 160 ; Sheets' Est., 52 Pa. 257.

" Unless there be some manifest, general intention which will be defeated by adhering to this particular intention, the particular intention must prevail: Sieber's Ap., 9 Atl. Rep. 863 ; Sheaffer's Ap., 8 Pa., 38; Donahue v. Helme, 5 W. N. C. 539.

" It must prevail, although the principal does not sink into the residuary estate, or if the testatrix died intestate as to the same.    In Sieber's Ap. and Sheaffer's Ap., supra, the absence of a disposition over was held insufficient to warrant an enlargement of the gift to the first taker, contrary to the express language of the clause.    It is claimed by Louisa Shissler that

there being no trustee interposed, no investment of the principal directed, and no limitation over in the clause, the intention is to vest an absolute estate to the principal in her. It is argued that it is so decided in Silknitter's Ap., 45 Pa. 365. The decision there is that, the bequest by the testator of a share of his estate to his daughter, her heirs and assigns, she to have the interest of such share only so long as she lives, in the absence of any interposition of a trustee, or direction for investment or limitation over, vested such share in her absolutely. In the present case, the bequest is only of the interest for the life of Louisa Shissler. The principal is not bequeathed to her. It is therefore easily distinguished from Silknitter's Ap. All that was there decided, as stated, was that the direction as to interest was not sufficient to overcome the force of the prior absolute gift: Sheets' Est., 52 Pa. St. 264.

" The rule of construction which regards a bequest of the interest or produce of a fund, without qualification or limitation as to continuance, as tantamount to an absolute gift of the fund itself, is without application. It does not hold, where from the nature of the subject or the context of the will, it appears that interest only was intended to be given for life: Sheaffer's Ap., and Seiber's Ap., supra. It would be most tedious to discuss at length the cases in Pennsylvania in which the rule of construction just stated has been considered. It may be safely affirmed that none of them, commencing with the first case, Hellman v. Hellman, 4 Rawle, 450, and running down through Shriver v. Corbeau, 4 Watts, 130; Garret v. Rex, 6 Watts, 17; Sheaffer's Ap., 8 Pa., 38; Silknitter's Ap., 45 Pa. 365; Robert's Ap., 59 Pa., 70; Ap. of Ins. Co., 83 Pa. 315; Bentley v. Kauffman, 86 Pa. 100, and Millard's Ap., 87 Pa. 459, warrant a decision that the language of the 11th clause of the will vested the principal therein named in Louisa Shissler absolutely. This clause is no more or less than an annuity to Louisa Shissler. There is no substantial difference in legal aspect between the gift of an annuity for life and of the interest or income of a fund for life: Flickwir's Est., 26 W. N. C. 374.

" Having shown that by the language of clause eleven of the will the testratrix only intended a gift of the interest of $1,000 to Louisa Shissler, payable to her for life, it remains to consider whether there is any manifest general intention result-

ing from other parts of the will in connection with the clause showing that Louisa Shissler was to have the principal for life, or absolutely. If there is, then in the absence of a trustee or a direction for investment, or a limitation over in the clause, she is entitled to the fund absolutely: Silknitter's Ap., supra; Merkel's Ap., 109 Pa. 235; Brownfield's Est., 8 Watts 465.

" The intention of the testatrix, gathered from the whole will, will prevail over technical rules, but such intention must be clear, manifest and undisputable.

" From the reading of the whole will we fail to see any clear intention of the testatrix to vest absolutely the $1,000 in Louisa Shissler. What was to be done with it, or where it was to go after the death of Louisa Shissler, seems to have been entirely overlooked by the testatrix in making her will. On the other hand there is, in the 11th clause, a clear intent particularly expressed to give Louisa Shissler only the interest of the $1,000 during her life, and where the payment of the interest of a fund is restricted for the life of a person, or for any definite period of time, it does not carry the corpus of the fund. The bequest in the 11th clause is not of a gross sum but in the nature of an annuity. The taker of the income for life does not also take the corpus: McDevitt's Ap., 5 Atl. Rep. 777.

" A bequest of interest or income will not carry an absolute estate in the principal, where the plain intent appears to sever such interest or income from its source, as is explicitly done in this case. Nor does the testatrix separate the $1,000 from the body of her estate. The inferences and implications which can be fairly and reasonably drawn from the other provisions in the will are not clear and strong enough, in our opinion, to overcome the expressed, clear provision in the 11th clause, that Louisa Shissler shall only be paid the interest of the $1,000 for and during her lifetime. To preclude or overcome such plainly expressed intention by different intention gathered within the four corners of the will, such different intention on the part of the testratrix, as before stated, must be clear, manifest and undisputable. Upon studying carefully the whole will we fail to find satisfactory evidence of a clear, manifest intention on the part of the testatrix to give to Louisa Shissler more than the interest of $1,000 during her life. In arriving at this intent of the testatrix we have sought to give effect to every part of the will, and to give harmony to the whole.

" It should be noticed, however, as stated in Roberts's Ap., 59 Pa. page 73 of opinion, that the testatrix here, as in that case, in other items of bequest in her will, contingent on arriving at age, or death or otherwise, has limited to other persons and appointed trustees, etc., showing that when she intended these things she had them properly provided for in her will. She omitted them, as already noticed, in the bequest in controversy.  In the 2d, 3d, 4th, 14th, 15th and 16th clauses of her will, where the testatrix creates a trust or limitation over of a fund to certain persons, or for specific purposes, she names such persons and purposes, and also names the persons or person who shall act as trustee, and in the majority of instances names her executor as such trustee.  These very facts afford strong grounds upon which to found an argument that because she did so create a trust, name a trustee, and limit the principal sum over in the other provisions of her will, and did not do so in the clause in question, she therefore intended the principal to vest in the legatee therein named and did not intend it to pass to her residuary legatee, or that her executor should act as trustee of the same.  It is also claimed by the counsel for Louisa Shissler that the following language of the 17th clause of the will, to wit : ' If the above bequests do not exhaust my estate,' and the words, ' if any,' in the residuary clause, show that the testatrix considered the corpus of the fund mentioned in the 11th clause as completely disposed of, and not intended for further distribution.  But comparing the whole will with all the clauses above recited, such argument is entirely overcome by the language of the will—by fair implication, and by the rules of law before given.

" It must also be observed that in every case where she intended the principal sum, or any part of it, to be paid to the legatee, it is so specifically stated.  The great care and particularity with which she disposes of her estate convinces us that she did not intend to die intestate in reference to any part of it, and judging from the whole will and the rules of law, as applied in this state, we are forced to the conclusion that the sum or principal of the $1,000 mentioned in the 11th clause of her will falls into her residuary estate and does not pass to her heirs or next of kin.  In the 17th clause, after using the following language, to wit : ' If the said above bequests do not

exhaust my estate,' she bequeaths $500 more. In the 18th clause a gold watch, in the 19th gold glasses, in the 20th and 21st each $200—altogether $900—additional, after expressing the condition or doubt in regard to the amount of her estate as relating to that before disposed of. Again, as if fearful of leaving a portion of her estate undisposed of, she added the residuary clause, which we hold covers any and all moneys not in her will before disposed of. And not having bequeathed the principal sum of the $1,000 but only the interest of it to Louisa Shissler during her life, and the same not being exhausted or disposed of by any bequest it vested, under the rule in this state, at the time of the death of Catharine Ritter, in her residuary legatee, Mary Gellinger. It must therefore be paid to her at the death of Louisa Shissler.

" The principle is well established that when a person by his will, either in express terms or by legal implication, has given the income of his personal estate to one for life, and on his or her decease to another, or left it, on the termination of the life interest, undisposed of, so that it will go to his heirs at law, or to his residuary legatee, and has not in terms placed it in trust with any trustee other than the executor, it is the province and duty of the executor to hold it, and to pay over the income from time to time to the legatee for life, and at the death of such legatee to pay over the principal to the person who may by the will be then entitled to it, or in default of any ulterior disposition of it by the will, to distribute it among the heirs at law.

" Judging from the whole will of the disposition of her whole estate, and especially of the way she disposed of the $1,000 mentioned in the 11th clause, of the duties of the executor and of what the testatrix therein required of him throughout her will, we are of the opinion that the only way in which he can possibly fulfill and complete his entire duty under it, is to act as trustee for the estate ; safely invest the $1,000, and pay the interest thereof annually from the date of the death of Catharine Ritter to Louisa Shissler, during her life, and at her death the principal sum to Mary Gellinger, the residuary legatee named in the will.

" [And now Feb. 1, 1892, the exceptions to the report of the auditor making distribution of the fund in accordance with

1892.]        Opinion of Court below—Opinion of the Court.

the foregoing opinion are dismissed and the report is confirmed.] " [6]

*Errors assigned* were (1–5) dismissal of exceptions to auditor's report, quoting them; (6) the order of the court, as above in brackets, quoting it.

*J. B. Robison*, for appellant.

*Charles G. Barkley*, for appellee.

PER CURIAM, April 25, 1892:

We affirm this decree upon the opinion of the learned court below, and dismiss the appeal at the costs of the appellant.