PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.

---

In the Matter of the Judicial Settlement of the Estate of ISAAC HOYT, Deceased.

*Will — devise of rents, etc., gives a life estate — void provision for accumulation.*

Where the clause of a will is precise and definite, and shows that the intention of a testator was to devise a life estate and no more, a devise of rents, issues and profits will pass only a life estate.

A testator directed his executors to lease all the rest, residue and remainder of the testator's real and personal property, and, after deducting the taxes, insurance and mortgages held against said real estate from the rents and income arising therefrom, to deposit the balance in a savings bank, in order to create a fund to liquidate or help pay off any indebtedness against the estate. He further empowered the executors in their discretion to sell such real estate, and to deposit in the savings bank the moneys resulting from the sale thereof, after deducting the expenses of sale and the indebtedness held against such real estate; and at the termination of the life estate created in certain other property, they were directed to divide the same between the grandchildren of the testator then surviving.

*Held,* that such direction and the accumulation provided for were illegal.

APPEAL by Hattie L. Hoyt, a devisee and legatee of the testator, Isaac Hoyt, deceased, from that part of a decree bearing date and

entered in the surrogate's office of Orange county on the 13th day of January, 1890, which directed $600, the proceeds of sale of Amity property, to be invested by the executors, and the interest paid to Hattie L. Hoyt during her natural life. And also from such part of the supplemental decree and decision of the surrogate bearing date and entered in the surrogate's office the 19th day of December, 1892.

1st. " As sustains the power of sale in said will of a portion of the Amity property. Also directing the executors to hold and invest the $600 item proceeds of sale of Amity property, during Hattie L. Hoyt's life, and to pay the income thereof to her," etc.

2d. " That the remaining portion of the Amity property belonging to the deceased at the time of his death and remaining unsold, be held by said executors as trustees for the benefit of the testator's daughter, Hattie, during her life, to hold and manage the same during the natural life of Hattie L. Hoyt, and pay the net income derived from the same to her annually from the date of said decree of January 13, 1890."

3d. " Upon the death of the said Hattie L. Hoyt, that the said trustees pay over the principal or any fund which they may then hold derived from the sale of any of the lands, to the legal representative or assignee of the said Hattie L. Hoyt, one-half thereof, and to Anna A. Conklin, her heirs and assigns, one-half thereof."

4th. " In all other respects the decree of January 13, 1890, be and the same is hereby unaffected and in full force."

The surrogate in the decree of December 19, 1892, decreed that the said account and decree heretofore filed and entered in this matter, be and the same are hereby modified as follows :

The item of $600, in said account from the Amity property sold by said executors now in the hands of the executors, is directed to be by them held and invested for and during the life of the said Hattie L. Hoyt, and the interest or income thereof, realized by them, to be paid to her annually from the date of said decree, January 13, 1890, for and during her natural life. And further decreed, that the remaining portion of the Amity property belonging to the deceased at the time of his death and remaining unsold, be held by said executors as trustees for the benefit of the testator's daughter Hattie during her life, who were directed to hold and manage the

same during the natural life of Hattie L. Hoyt, and pay the net income derived from the same to her annually from the date of said decree of January 13, 1890. And further decreed, that upon the death of the said Hattie L. Hoyt, that the said trustees pay over the principal of any fund which they may then hold derived from the sale of any of the lands to the legal representative or assignee of the said Hattie L. Hoyt, one-half thereof, and to Annie L. Conklin, her heirs or assigns, one-half thereof.

The will of Isaac Hoyt is contained in the opinion of the court.

*Gilbert D. Hulse,* for Hattie L. Hoyt, devisee and legatee, appellant.

*John J. Beattie,* for the executors, respondents.

*W. D. Mills,* for Annie A. Conklin, respondent.

BARNARD, P. J.:

Isaac Hoyt, a resident of Orange county, died in 1886, leaving two children, one, the petitioner, Hattie L. Hoyt, unmarried, and a married daughter, Annie A. Conklin. The deceased left a last will and testament, as follows:

" I, Isaac Hoyt, of the town of Warwick, county of Orange, and State of New York, being of sound mind and memory, and considering the uncertainty of this life, do make, publish and declare this to be my last will and testament, in manner following, to wit:

" *First.* After all my just debts and funeral expenses are paid I give, devise and bequeath to my daughter Hattie L. Hoyt, the rents, interest and income of all my real estate situate, lying and being in the village of Amity, in the said town of Warwick, after deducting taxes, insurance, interest on bond and mortgage given to Elizabeth Utter, to secure the payment of twelve hundred dollars, and all necessary repairs thereon, the same to be collected by my executors hereinafter named, and paid to her annually for and during her natural life. And should my executors in their wisdom consider it best for the interest of my estate, to sell or dispose of all or any part thereof, then the moneys arising from such sale or sales to be invested, and the interest to be paid to her as aforesaid.

" All the rest, residue and remainder of my real and personal estate, wheresoever situated, I order my said executors to lease, and the rents and income arising therefrom, after deducting all taxes, insurance and mortgages held against any such real estate, necessary repairs and commissions, to be deposited in the Warwick Savings Bank, or any other solvent savings bank, to create a fund to liquidate or help pay off any indebtedness against the same.

" I, however, leave it discretionary, and empower my said executors, whenever they deem it for the best interest of my estate, to sell all or any of my real estate, and to give sufficient deed or deeds to the purchaser or purchasers thereof, and the moneys arising from such sale or sales, after deducting all expenses of such sale or sales, and the indebtedness held against such real estate, to be deposited, as aforesaid, or upon good securities elsewhere.

" And at the decease of my daughter Hattie L., to be equally divided between each of my grandchildren her surviving, share and share alike, her children and the children of my daughter Annie A. Conklin.

" Lastly, I nominate and appoint my friends, J. E. Waterbury and Wm. J. Sly, executors of this my last will and testament, hereby revoking any and all former wills by me made.

" In witness whereof, I have hereunto set my hand and seal this 25th day of May, 1886.

" ISAAC HOYT.   [L. s.] "

The testator did not intend to give more than a life estate in the Amity lands by the first clause in the will.   While there is a class of cases which hold that a gift of rents, issues and profits cover a fee, this clause is so precise and definite that no doubt of the testator's intention can be raised.   The rents were to be paid, after deducting repairs, taxes and interest, to Hattie " annually for and during her natural life."   The executors had given to them a power of sale, but in case of a sale the moneys received on the sale were to be invested and " the interest to be paid to her as aforesaid."   (*Matter of Smith*, 131 N. Y. 239.)   What the testator intended to do with the land after the life estate ended is not plain.   There is no distinct gift of it.   The testator divided his estate in two parts.   He gave a life estate in the Amity lands to his daughter Hattie for life.   He then directs that the " rest, residue and remainder " of the estate, real

and personal, be leased, and the proceeds, deducting taxes, insurance and repairs, be deposited in a savings bank or invested "to create a fund to liquidate or help pay off any indebtedness against the same." A power of sale is given in respect to the lands other than the Amity lands, but the proceeds of lands under this part of the will are to be "deposited as aforesaid or, upon good securities, elsewhere." The will then ends in this clause :

"And at the decease of my daughter Hattie L., to be equally divided between each of my grandchildren her surviving, share and share alike, her children and the children of my daughter Annie A. Conklin."

The serious question in the will is whether this clause was intended to cover the Amity lands and the rest, residue and remainder of the estate other than the Amity lands. My opinion is that it was intended to thereby dispose of the whole estate. No provision is made for the payment of any portion of the estate to Mrs. Conklin during the life of Hattie L. Hoyt. Both parts are tied up during the life of Hattie, and both are made free upon her death. In determining whether the Amity lands are covered by this clause, it is immaterial what shall be adjudged to be the legality of the disposition of the rest and remainder under the clause which provides for an accumulation of that part of the estate until Hattie's death.

I think this rest and remainder at once gives to the two daughters equally, because the accumulation is illegal; and that the Amity lands are given to the grandchildren living at Miss Hoyt's death, *per capita.*

Decree to be modified accordingly.

PRATT, J., concurred.

Parts of decree appealed from modified in accordance with opinion ; order to be settled by Justice BARNARD.