Charles Bloom, Respondent, v. The P. Cox Shoe Manufacturing Company, Appellant.— Judgment and order affirmed, with costs.—

Van Brunt, P. J.: This action was brought to recover damages for the breach of a contract of employment whereby the defendant employed the plaintiff as traveling salesman for the period of one year commencing January 1, 1892, and expiring January 1, 1893, at the agreed salary of $1,800 per year and expenses. The defendant admitted the making of the contract, but denied that the plaintiff had complied with said contract, and denied that it had refused to carry out its part of the same, and also denied that it had discharged the plaintiff without cause. The real controversy between the parties was as to whether under his contract of employment as traveling salesman the plaintiff was required to sell goods in the city of New York, in which city the defendant already had its representatives. It is urged upon the part of the appellant that the uncontradicted testimony showed that under a contract similar to the one in question it was the custom for salesmen to sell goods at the place of their residence and the place of business of the concern by which they were employed. In this, however, we think that the learned counsel is mistaken as to the scope of the evidence. There was evidence offered upon the part of the plaintiff in respect to the custom that it was not the custom of the trade for persons who sold goods outside of the city of New York to sell goods in the city, particularly where the house has two representatives in the city. There was also evidence upon the part of the plaintiff tending to show that it was the understanding between the defendant and the plaintiff at the time of his employment that he was not to sell goods in the city of New York, but that he was to travel elsewhere and not to interfere with the business of the other agents of the defendant which they had in the city of New York. Under this state of the evidence the question as to the contract was fairly submitted to the jury and they were informed with clearness as to what the rights of the parties

83  611
154a 711

would be thereunder, according as the jury found the contract to be. Various exceptions to the charge are called to our attention, but none of them seem to be of sufficient importance to call for a reversal of this judgment. At the suggestion of the learned counsel for the appellant, when attention was called to the language of the charge, the jury were reinstructed upon the points taken and no exception was taken to such reinstruction. As to the exceptions to the admissibility of evidence, none of them seems to be of sufficient moment to merit special mention. Judgment and order should be affirmed, with costs. Parker, J., concurred.

FOLLETT, J. (dissenting): The plaintiff was employed for the year 1892 as a traveling salesman on a salary of $1,800 and expenses. He made two extended trips through the South and several short ones in this State, and he sold only $180 worth of goods, his traveling expenses being $350. About this there is no dispute. Afterwards he was directed to sell in the city of New York and vicinity, which he did for a time, his aggregate sales being $2,120. The defendant desired that he should continue to sell to the trade in New York and Brooklyn, but the plaintiff refused, and he was discharged June 24, 1892. His total sales for six months were $2,300, which cost the defendant in salary and expenses $1,250. The verdict that the plaintiff was a competent salesman and performed his contract is contrary to the weight of evidence. In contracts for personal services the incompetency of the employee to perform the service which he has undertaken is a sufficient ground for his discharge. It seems to me that the evidence shows that this plaintiff was either incompetent or unfaithful, and that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. Charles G. Stevens v. John L. Melcher.—See memorandum on settlement of order.