## Fox Estate

*Ralph C. Busser, Jr.,* for accountant.

SHOYER, J., March 29, 1962.—This trust arises under the will and codicils, a copy of each of which is hereto annexed, of Samuel Fox, who died March 13, 1903, whereby, as recited in his codicil dated June 5, 1902, he gave his trustees the sum of $15,000 to invest and "the net interest, income and profits to pay over semi-annually unto Xenia Snyder, wife of my grandson, S. Eugene Snyder, so long as she shall remain the wife of my said grandson, or in the event of his death, his widow unmarried."

The fund being here accounted for was awarded to the accountant by the adjudication of Hunter, J.,

dated December 28, 1948, in trust for Xenia Snyder.

This account was filed because of the death on September 2, 1961, of Xenia Snyder.

The codicil contains no gift over of the fund upon the termination of the conditional life estate.

By his will, testator gave his residuary estate to his trustees, to pay over the net income, interest and profits to his daughter, Virginia Crawford, during her life, and upon her death to distribute the remainder amongst her children "or the lawful issue of such of them as may be deceased."

It appears from the audit notice of counsel for the accountant that the testator was survived by his son, S. Lynd Fox, and by two daughters, Clara A. Snyder and Virginia Fox Crawford.

S. Lynd Fox, aforementioned, is stated to have since died, leaving to survive him a son, William Lynd Fox, and a daughter, Marguerite Maxwell Fox.

Clara A. Snyder, daughter of the testator, died December 10, 1892, leaving to survive her a son, S. Eugene Snyder, who died February 2, 1927, leaving to survive him three children: a daughter, Florence May Snyder, who died in August of 1930, and two sons, Eugene Fox Snyder and Boris Snyder, who are living.

Virginia Fox Crawford, life tenant of the residuary estate, died October 6, 1931, leaving to survive her two daughters, Virginia Fox Crawford and Helen C. Whittemore, both of whom are living.

It appears from the notice and the statement of counsel for the accountant that the whereabouts of testator's grandchildren, William Lynd Fox and Marguerite Maxwell Fox, have been unknown to the other relatives mentioned above for many years. The two missing grandchildren, if living, would now be approximately 78 and 80 years of age respectively.

All parties presently in interest, except, as noted hereinabove, are stated to have had notice of the audit and of the accountant's proposal to distribute the remainder of the fund under the residuary clause of the will to the two children of Virginia Fox Crawford.

The learned and able counsel for the accountant, in his thorough and comprehensive memorandum of law, very properly points out that since the testator died in 1903, the Wills Acts of 1917 and 1947 are here inapplicable. Further, that there is a serious question, since *personalty* is here involved, as to whether the Act of June 4, 1879, P. L. 88, sec. 2, is applicable. He cites Pennsylvania Orphans' Court Commonplace Book, Legacies and Devises, section 26(h), for the proposition that "where testator gives a particular legacy or devise for life and is silent as to the disposition of the property at the death of the life tenant, . . . the undisposed of remainder passes to the residuary legatee": Myce's Estate, 5 W. & S. 254; Schmeyer's Appeal, 3 Walker 310; High's Estate, 136 Pa. 222; Ritter's Estate, 148 Pa. 577.

In Grier Estate, 403 Pa. 517, 522, the rule was restated that " 'one who writes a will is presumed to intend to dispose of all of his estate and not to die intestate as to any portion thereof' ": citing Provident Trust Co. of Philadelphia v. Scott, 335 Pa. 231; Duffy's Estate, 313 Pa. 101; Appeal of Ferry, 102 Pa. 207; Miller's Appeal, 113 Pa. 459. And, " 'If possible to do so, a will must be construed to avoid an intestecy' ": Carmany Estate, 357 Pa. 296.

I am convinced that the remainder of the instant fund fell into the residuary estate on the death of the life tenant and passes under the residuary clause of the will in the manner contended for by counsel for the accountant. . . .

And now, March 29, 1962, the account is confirmed nisi.